# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| American Southern Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:09-1965-PMD |
| v. | ) | |
| | ) | |
| Jeffrey Conniff; Ellington Woods I | ) | |
| Homeowners' Association, Inc.; | ) | |
| Ellington Woods II Homeowners' | ) | |
| Association, Inc.; Ellington Woods III | ) | |
| Homeowners' Association, Inc.; Ellington | ) | |
| Woods IV Homeowners' Association, Inc.; | ) | |
| Alison Dailey Properties, Inc.; | ) | **ORDER** |
| Ellington Woods, LLC; Viking | ) | |
| Enterprises, Inc.; Leon Johnson d/b/a/ | ) | |
| Leon Johnson Brick and Block; Fine | ) | |
| Builders, LLC; Carla R. Santos d/b/a A&C | ) | |
| Construction; Vicenne Gladstone d/b/a | ) | |
| V.C. Construction Services; Sherry | ) | |
| Truesdale d/b/a R&S Builders; Benjamin | ) | |
| Mora a/k/a Mora Construction; Jason | ) | |
| Yeatrakas a/k/a Creekside Construction; | ) | |
| Eddie Palmer d/b/a Star Masonry; Tracynnie | ) | |
| Const. Corp.; Rogers Roofing; Jon West; | ) | |
| Matthews Roofing; Myers Masonry; Karen | ) | |
| L. Bergman; Ute L. Appleby; Susan | ) | |
| Klavohn Bryant; John Doe Homeowners | ) | |
| in Ellington Woods IV Homeowners' | ) | |
| Association, Inc.; John Doe Homeowners | ) | |
| in Ellington Woods V Homeowners' | ) | |
| Association, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Defendant Ellington Woods I, II, III, and IV Homeowners' Associations' ("Homeowners Associations") motion to dismiss as well as Plaintiff American Southern Insurance Company's ("Plaintiff") motion to dismiss.

**BACKGROUND**

Ellington Woods is a condominium complex located in Charleston County, which was constructed between 1998 through 2003. On May 7, 2008, the Ellington Woods Homeowners' Associations filed suit in the Charleston County Court of Common Pleas against Alison Dailey Properties, Inc. and Ellington Woods, LLC and amended its complaint on May 7, 2009, to add additional defendants, including Defendant Jeffrey Conniff ("Conniff"). The Homeowners' Associations' suit alleges that numerous construction defects caused by the Defendants have resulted in moisture and water intrusion and damaged portions of the complex's common elements. Although the court has not been provided a copy of the state court pleadings, the parties attest that the Homeowners' Associations allege causes of action for negligence, gross negligence, recklessness and/or wantonness; and breach of express and implied warranties against Conniff, based on the roofing, framing, siding, and brick work he performed as a subcontractor on the Ellington Woods project. Plaintiff now seeks a declaratory judgment from the court that it does not have a duty to defend or indemnify Conniff in the state court proceeding.

Plaintiff issued Conniff a commercial general liability ("CGL") policy, which was effective from November 2, 1998 through November 2, 1999, and it contends that it has no duty to defend Conniff under the policy because (1) the work performed by Conniff on the Ellington Woods project did not begin until after his CGL policy with Plaintiff expired; (2) Conniff's framing, siding, and brick work were outside the Business Description as stated in its policy, therefore the policy's Classification Limitation Endorsement eliminates coverage for damages resulting from that work; (3) any damages arising from Conniff's work is not covered pursuant to the policy's Your Work exclusions. Alternatively, if the court were to find coverage exists, Plaintiff asks the court to find

that Plaintiff's policy limits are reduced to $25,000 because Conniff did not obtain certificates of insurance from his subcontractors or independent contractors who performed work on his behalf.

I.      **Defendant Ellington Woods Homeowners' Associations' Motion to Dismiss**

The Homeowners' Associations move the court to abstain from exercising jurisdiction in this case pursuant to the United States Supreme Court's decisions in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and, consequently, to dismiss Plaintiff's declaratory judgment complaint. In *Brillhart*, the Supreme Court held that when a plaintiff brings a declaratory judgment action, the district court enjoys discretion in deciding whether to assert jurisdiction over the action or abstain from hearing it. 316 U.S. at 495. This discretion stems from the federal Declaratory Judgment Act, which expressly provides that district courts "may" declare the rights and other legal relations of any interested party seeking a declaration. 28 U.S.C. § 2201(a). Given this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

Thus, even when a court has jurisdiction, it "is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment," *id.*, and a court's discretion "is especially crucial when, as here, a parallel or related proceeding is pending in state court." *New Wellington Fin. Corp. v. Flagship Resort Develop. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005). In such cases, district courts have "wide discretion" to decline jurisdiction, *see Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996), although "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it

assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2.

When deciding whether or not to stay or dismiss a declaratory judgment action when there is a related proceeding underway in state court, a district court should weigh principles of "federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." *Nautilus Ins. Co. v. Winchester Homes*, 15 F.3d 371, 376 (4th Cir. 1994). In doing so, a court considers the following four factors: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-94 (4th Cir. 1998). While weighing these factors, the court should remain mindful of the two principal criteria guiding the policy in favor of rendering declaratory judgments: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004).

After considering these factors as they relate to the pertinent facts of this case, the court does not abstain from deciding whether or not Plaintiff has a duty to defend Jeffrey Conniff under the CGL policy it issued him. While South Carolina likely has a strong interest in deciding the duty to defend issue in its courts based on the facts that South Carolina law governs the dispute, the policy

4

was issued in South Carolina, and the policy covered a South Carolina citizen, the remaining factors weigh in favor of the court exercising jurisdiction over this matter. As for the second factor, the court does not find, nor have the Defendants made a convincing argument, that the Charleston County Court of Common Pleas could resolve the issue more efficiently than this court. While an insurer's duty to defend is a question of state law, even Defendants concede that the South Carolina courts have "struggled with construction-related coverage issues." (Defs. Mot. at 6.) Moreover, this court is no stranger to insurers seeking declarations that they have no duty to defend and indemnify, and Defendants' suggestion that "[t]here is ample time for [Plaintiff] to file a [d]eclaratory [a]ction in state court," (Mot. to Dismiss at 6), seems to be a less efficient way of proceeding, particularly in light of the fact that Plaintiff is not a party to the state court proceedings.

As for the third factor, there do not appear to be overlapping issues of fact or law, which might create unnecessary "entanglement" between the state and federal courts with respect to the issue of Plaintiff's duty to defend. The pending action in the Charleston County Court of Common Pleas involves negligence and breach of warranties claims. Those legal issues are not involved in this declaratory judgment action. Also, the court need not concern itself with factual matters present in the pending state case, as "[q]uestions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the complaint." *City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund*, 382 S.C. 535, 543, 677 S.E.2d 574, 578 (2009) (citations omitted). "If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend," . . . and, "[i]f the facts alleged in a complaint against an insured fail to bring a claim within policy coverage, an insurer has no duty to defend. *Id.* at 543–44, 677 S.E.2d at 578. Accordingly, although the duty to defend may also be determined by facts outside

5

of the complaint that are known by the insurer, the court will likely not have to look further than the language of the relevant CGL policies and the allegations of Defendants' complaint to determine whether or not Plaintiff has a duty to defend and will not be presented any issues that may be before the state court involving negligence and breach of warranty claims.

Lastly, the court has no reason to believe Plaintiff's declaratory judgement action in this court is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. Although Plaintiff is currently providing a defense for Jeffrey Conniff in the pending state court action, Plaintiff, itself, is not a party to that action, and because Plaintiff sufficiently alleged a diversity of citizenship between it and the Defendants in this case, as well as an amount in controversy that exceeds the sum of $75,000, it has a right to obtain the judgment of a federal court as to whether or not its CGL policy requires it to provide a defense in the underlying litigation. *See* 28 U.S.C. §§ 1332; 2201(a). Therefore, finding that the factors discussed above weigh in favor of exercising jurisdiction over the duty to defend controversy, and finding that a determination of the duty to defend issue will serve a useful purpose in clarifying and settling the legal relation of the parties and will afford relief from the uncertainty giving rise to this proceeding, the court denies Defendants Homeowners' motion to dismiss with respect to that issue.

To be clear, though, the court only exercises jurisdiction over the issue of whether or not Plaintiff has a duty to defend. If Plaintiff has no duty to defend Jeffrey Conniff in the pending state court action, it can avoid paying unnecessary defense costs as the underlying suit progresses, and it will know it does not have a duty to indemnify. If Plaintiff does have a duty to defend, the court will stay any further litigation concerning whether or not it has a duty to indemnify until the state court proceedings are completed. While an insurer's duty to defend is ordinarily measured by the

facts as alleged in the pleadings, its duty to indemnify is measured by the facts ultimately determined by the factfinder. *Ellett Bros. v. United States Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (applying South Carolina law). The parties may resolve the indemnification issue through the state court proceedings, and because the state court will ultimately determine any liability issues between the parties, it may be in a better position to determine whether or not Plaintiff has a duty to indemnify. Therefore, the court denies Defendants Homeowners' motion to dismiss with respect to the duty to defend issue, but stays the matter with respect to Plaintiff's duty to indemnify.

II. **Plaintiff's Motion to Dismiss Defendants' Counterclaim for Reformation**

Plaintiff moves the court to dismiss Defendants Karen L. Bergman, Ute L. Appleby, Susan Klavohn Bryant, John Doe Homeowners in Ellington Woods IV Homeowners' Association, Inc., and John Doe Homeowners in Ellington Woods V Homeowners' Association, Inc.'s ("Defendants") counterclaims for reformation of the insurance contract. These Defendants own condos in the Ellington Woods development, and in their counterclaim, Defendants allege that "Plaintiff underwrote and issued the insurance policy at issue knowing the Defendants' potential risks and the necessary protections they were seeking through insurance coverage." (Defs. Answer and Countercl. ¶ 47.) Defendants also allege that they and "Plaintiff intended the policy to cover, among other things, the type of damage alleged in the underlying complaints" filed in state court. (*Id.* ¶ 48.) As such, Defendants ask the court to reform the insurance policy to cover their alleged damage if the court were to find that the policy, as written, does not cover them. (*Id.* ¶ 49.) Plaintiff believes the court should dismiss this counterclaim because it fails to state a claim upon which relief could be granted. It argues that the Counterclaim Defendants' failure to specifically allege what mutual mistake was made in the policy between it and Jeffrey Conniff should defeat their counterclaim.

7

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* After applying this standard to the allegations set forth by the Counterclaim Defendants, the court must dismiss their counterclaim, as they allege nothing more than if the court finds coverage does not exist, they want it to.

While it may be a correct statement of law that "a variety of possible legal grounds exist for reformation including mutual mistake or invalid policy provision or endorsement . . . as well as those relating to reliance on representations by an agent," as the Counterclaim Defendants argue in their response in opposition to Plaintiff's motion to dismiss, they have not pleaded any factual content that makes the existence of any one of those scenarios requiring reformation plausible in this case. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). The Counterclaim Defendants merely asserted the elements for a reformation cause of action in an effort to preserve such a claim were it deemed to be a compulsive counterclaim, (*see* Defs. Resp. in Opp. at 6), and as such, they have failed to

plead a claim that crosses "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted). Because threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice, the court dismisses the Counterclaim Defendants' counterclaim for reformation.

## CONCLUSION

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Defendants Homeowners' Associations' motion to dismiss, and the parties may proceed with the litigation related to the duty to defend issue. It is further **ORDERED** that Plaintiff American Southern Insurance Company's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 7, 2010**
**Charleston, SC**